Paul A. Lesko- *pro hac vice*
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
One Court Street
Alton, IL  62002
Telephone:  618-259-2222
Fax:  618-259-2251
Email: plesko@simmonsfirm.com

**Attorneys for Plaintiff**
**Labyrinth Optical Technologies LLC**

Blair M Jacobs – *pro hac vice*
Christina A Ondrick – *pro hac vice*
McDermott Will and Emery LLP
500 North Capitol Street NW
Washington, DC  20001
202.756.8199
202.756.8087 Fax
Email:  bjacobs@mwe.com
Email:  condrick@mwe.com

**Attorneys for Defendant**
**Ciena Communications, Inc.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Labyrinth Optical Technologies LLC | CASE NUMBER: |
| *Plaintiff*, | SACV12-02217-AG (DFMx) |
| vs. | |
| Ciena Communications, Inc., | [~~Proposed~~] **PROTECTIVE ORDER** |
| *Defendant*. | JURY TRIAL DEMANDED |

1

1

2 1.   <u>PURPOSES AND LIMITATIONS</u>

3       Disclosure and discovery activity in this action are likely to involve

4 production of confidential, proprietary, or private information for which special

5 protection from public disclosure and from use for any purpose other than

6 prosecuting this litigation may be warranted. Accordingly, the parties hereby

7 stipulate to and petition the court to enter the following Stipulated Protective Order

8 ("Order"). The parties acknowledge that this Order does not confer blanket

9 protections on all disclosures or responses to discovery and that the protection it

10 affords from public disclosure and use extends only to the limited information or

11 items that are entitled to confidential treatment under the applicable legal

12 principles. The parties further acknowledge, as set forth in Section 14.4 below, that

13 this Stipulated Protective Order does not entitle them to file confidential

14 information under seal; Civil Local Rules 5-4.1, 5-4.2(b)(3), and 79-5 set forth the

15 procedures that must be followed and the standards that will be applied when a

16 party seeks permission from the court to file material under seal.

17 2.   <u>DEFINITIONS</u>

18      2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the

19 designation of information or items under this Order.

20      2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

21 how it is generated, stored or maintained) or tangible things that qualify for

22 protection under Federal Rule of Civil Procedure 26(c).

23      2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House

24 Counsel (as well as their support staff).

25      2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or

26 items that it produces in disclosures or in responses to discovery as

27

28

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items include, but are not limited to, non-public technical documents that describe the structure and/or operation of a product, such as schematics, diagrams, manufacturing drawings, engineering drawings, engineering notebooks, specifications, datasheets, research notes and materials, and other technical descriptions and/or depictions in whatever form such documents exist.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items further include: (i) Documents relating to prosecution of patents that are not publicly available; (ii) non-public licensing and/or settlement-related Documents including, but not limited to, agreements with various companies and communications with potential

licensors and licensees; (iii) non-public financial data or information, including information concerning sales, revenue, profit margins, costs, capacity, ROI, capital expenditures, yields, utilization, or similar benchmarks; (iv) non-public customer lists; (v) non-public business, strategy, or marketing plans, or competitive marketing analysis; (vi) non-public price lists and/or pricing information; (vii) non-public information obtained from a Non-Party pursuant to a non-disclosure agreement; (viii) non-public agreements with any Non-Party, including OEMs, suppliers, distributors, and customers; (ix) non-public negotiations related to the sale of any product manufactured or sold by a Party or Non-Party, including data related to negotiations or sales opportunities; (x) non-public budgets, forecasts, and projections; and (xi) any other information, documents, tangible things, or other Litigation Material that is not publicly available, the disclosure of which the Producing Party can demonstrate would cause a clearly defined and serious injury. The fact that the material listed in this Paragraph 2.7 is identified does not preclude a Party from challenging the designation of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Nothing herein should be construed as admission that any such type documents must be produced in this case.

     2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  HIGHLY CONFIDENTIAL – SOURCE CODE Information or Items include, but are not limited to, computer code, scripts; assembly, object code, source code, Register Transfer Level (RTL)

files (including verilog files) that describe the hardware design of any ASIC or other chip, and "C" and "C++" files.  Confidential Source Code is a form of, and shall be afforded all of the same protections as, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information as defined in Paragraph 2.7, unless greater protection is provided under Paragraphs 7.3 and 7.4, where disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys, including their support staff, who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.          <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.          <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

PROTECTIVE ORDER

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the exception of source code material, where such material shall be deemed "HIGHLY CONFIDENTIAL – SOURCE CODE" throughout the inspection. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that

contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of the testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and, if applicable, the "Acknowledgement Concerning Review and Use of Confidential Source Code" (Exhibit B) are present at those proceedings. The use of a document as an exhibit

at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed, with the exception that any deposition in which a document or thing designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" was used or which included "HIGHLY CONFIDENTIAL – SOURCE CODE" testimony will be designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in its entirety unless otherwise agreed.  However, if a Non-Designating Party makes a request before the expiration of a 21-day period for designation, the Parties will work together to identify testimony and exhibits that are not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." After the expiration of that period, the transcript shall be treated only as actually designated. Any portion of a deposition transcript that contains code from a document or thing designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be separately bound from the transcript.  The Producing Party is responsible for and has the burden of ensuring that any portion of a deposition transcript containing code from a document or thing designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" be separately bound.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the

Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Parties shall file and serve a motion to retain confidentiality under Civil Local Rule 37-2. If the Designating Party fails to serve its portion of the Joint Stipulation within seven (7) days after the Civil Local Rule 37-1 conference of counsel (or to file the motion within 18 days after the Civil Local Rule 37-1 conference of counsel), the Protected Material shall be given the level of confidentiality the Challenging Party contends is appropriate.  In addition, the Challenging Party may file a motion challenging a confidentiality designation, including a challenge to the designation of a deposition transcript or any portions thereof, provided the requirements of Local Rules 37-1 and 37-2 have been satisfied. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain

confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.        ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the court and its personnel;

      (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

      (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

     7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and, if applicable, the "Acknowledgement Concerning Review and Use of Confidential Source Code" that is attached hereto as Exhibit B;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Acknowledgement Concerning Review and Use of Confidential Source Code" (Exhibit B), and (3) as to whom the procedures set forth in Paragraph 7.5(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  The following provisions apply to the production of Confidential Source Code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE," unless otherwise agreed by the Producing Party:

(a) All Confidential Source Code shall be made available by the Producing Party to the Receiving Party for inspection on a secured, stand-alone computer in a secure room located at the Washington D.C. office of the Producing

1   Party's outside litigation counsel of record to this litigation or a mutually agreeable

2   similarly secured location.  The secured, stand-alone computer shall be equipped

3   with a reasonably current version of Microsoft Windows operating system or Unix

4   system, and an appropriate software platform for viewing the Confidential Source

5   Code.  The secured, stand-alone computer shall not be equipped with either

6   Internet access or network access to other computers. With the exception of a

7   keyboard, mouse, and monitor, all access ports on the secured, non-network, stand-

8   along computers shall be disabled as necessary and appropriate to prevent and

9   protect against any unauthorized copying, transmission, removal, or other transfer

10  of any Confidential Source Code outside or away from the computer on which the

11  Confidential Source Code is provided for inspection (hereinafter "Confidential

12  Source Code Computer").  If necessary, the Confidential Source Code Computer

13  may be configured by the Producing Party to run another mutually agreed upon

14  operating system.  At any one time, no more than a total of five (5) individuals

15  timely identified by the Receiving Party shall have access to the secure room in

16  which the Producing Party produces its Confidential Source Code.  Ciena will

17  make its Confidential Source Code available for inspection at the law office of

18  McDermott Will & Emery or a mutually agreeable secured location.

19          (b) The Producing Party shall install tools that are sufficient for viewing

20  and searching the code produced and on the platform produced. The Receiving

21  Party's Outside Counsel and/or experts may request on a timely basis that other

22  commercially available software tools for viewing and searching Confidential

23  Source Code be installed on the secured computer, provided; however, that such

24  tools are reasonably necessary for the Receiving Party to perform its review of the

25  Confidential Source Code consistent with all of the protections herein.  The

26  Receiving Party must provide the Producing Party with a storage device containing

27

28

such licensed software tool(s) or other appropriate mechanism for obtaining the tool at least two (2) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Confidential Source Code Computer.  The Receiving Party or its Expert(s) shall not at any time use any compilers, interpreters, or simulators in connection with the Producing Party's Confidential Source Code.

(c) The Producing Party shall make the Confidential Source Code available electronically and in text searchable form.

(d) The Producing Party shall not install any keystroke or other monitoring software on the Confidential Source Code Computer.

(e) Unless the Parties otherwise agree, the Confidential Source Code Computer shall be made available from 9 am to 5 pm local time, Monday through Friday (excluding holidays), until the close of the evidentiary record in this litigation.

(f) Prior to the first inspection of a Producing Party's Confidential Source Code Computer, the requesting party shall provide the Producing Party two (2) business days notice of its intent to access the Producing Party's Confidential Source Code Computer.  This first inspection can take place over as many successive business days as the Parties agree to, subject to modification during the inspection.  The requesting party shall provide two (2) business days notice prior to any subsequent inspections of the same Producing Party's Confidential Source Code Computer.  Subsequent inspections can take place over as many successive days as the Parties agree to, subject to modification during the inspection.

(g) The Receiving Party may request print portions of the Confidential Source Code that are reasonably necessary to facilitate the Receiving Party's review of the Confidential Source Code, preparation of court filings, pleadings,

expert reports, or other papers, deposition preparation and exhibits, expert reports, and hearing preparation and exhibits, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  The Receiving Party shall not print Confidential Source Code in order to review blocks of Confidential Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Confidential Source Code electronically on the Confidential Source Code Computer.  If the Producing Party objects that the printed portions are excessive and/or not done for a permitted purpose, the Producing Party shall make such objection known to the Receiving Party within five (5) days.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek the Court's resolution of whether the printed Confidential Source Code in question was printed for a permitted purpose.  As set forth in Paragraph 6, whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution, the burden shall be on the Receiving Party to demonstrate that the number of printed pages is reasonable.

(h) The printed Confidential Source Code shall be labeled with "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party will keep the originals of these printed documents, and copies shall be made for Outside Counsel for the Receiving Party on watermarked paper within 48 hours.  The Receiving Party shall only make additional paper copies if such additional copies are: (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); (2) necessary for deposition; or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and

must not be given to or left with a court reporter or any other unauthorized individual, unless marked as a deposition exhibit.

(i) In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's Confidential Source Code, when not in use, printed copies of the Confidential Source Code maintained by the Receiving Party must be kept in a secured, locked area.  The Receiving Party may also temporarily keep the printouts at:  (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); (iii) any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding or deposition); and (iv) any other secured location that Receiving Party has control over that is reasonably necessary for the Receiving Party to prosecute this Action.  The Receiving Party shall exercise due care in maintaining the security of the print outs at these temporary locations.

(j) Except as provided herein or as necessary to file, lodge, or otherwise submit documents with the Court, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Confidential Source Code from any paper copy of Confidential Source Code (including, by way of example only, the Receiving Party may not scan the Confidential Source Code to a PDF or photograph the code).

(k) The Receiving Party shall be entitled to take notes relating to the Confidential Source Code but may not transcribe the Confidential Source Code into the notes.  No copies of all or any portion of the Confidential Source Code may leave the room in which the Confidential Source Code is inspected except as

otherwise provided herein.  The Producing Party may visually, but not otherwise, monitor the activities of the Receiving Party's representatives during any Confidential Source Code review, but only to ensure that no information concerning the Confidential Source Code are being created or transmitted in any way.  The Producing Party may not observe or inspect the Receiving Party's notes or monitor the portions of Confidential Source Code reviewed by the Receiving Party's representative.  The Producing Party shall maintain a record of the dates and times the Receiving Party's representatives reviewed the Confidential Source Code on an inspection log maintained in the inspection room and provided by the Producing Party.

(l)  Other than as provided in this Order, the Receiving Party will not copy, remove, or otherwise transfer any Confidential Source Code from the Confidential Source Code Computer including, without limitation, copying, removing, or transferring the Confidential Source Code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind.  The Receiving Party will not transmit any Confidential Source Code in any way from the Producing Party's secured facilities or the offices of the Producing Party's Outside Counsel.

(m)  The Producing Party shall provide representatives of the Receiving Party performing the inspection of the Confidential Source Code Computer with access to a secure location that has Internet access in the same building as the Confidential Source Code Computer to store personal belongings.  The Producing Party shall not be permitted to observe or record the activities of the Receiving Party's representative(s) while in the secure location and shall permit the representative(s) to access the secure location on an "as needed" basis. Unless

otherwise agreed in advance by the Parties in writing, at the end each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or Expert(s) shall remove all notes, documents, and all other materials from the secure room.

(n) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code separate from the inspection log described in Paragraph 7.4(k).

(o)     Any Expert retained on behalf of a Receiving Party who has accessed Producing Party's Confidential Source Code – whether in electronic form or otherwise – must agree in writing not to (i) write source code directly intended for commercial purposes relating to the technology at issue in this litigation for a period of six (6) months after the date of the final, non-appealable decision in this litigation.  and (ii) use source code or information concerning or derived from the source code, or any other confidential information from this litigation to prosecute patents or patent applications related to the technology at issue in this litigation by executing the "Acknowledgement Concerning Review and, if applicable, the "Use of Confidential Source Code" attached as Exhibit B to this Order. This shall not preclude such Expert(s) from any academic work or consulting in future litigation, so long as such consulting does not involve writing source code directly intended for commercial purposes relating to the technology at issue in this litigation.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and adheres to the procedures specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so, unless disclosure of HIGHLY CONFIDENTIAL – SOURCE CODE to House Counsel is sought. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.   <u>SOURCE CODE</u>

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the

individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at the Washington D.C. office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in Paragraph 9(c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The

Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

9.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[3] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of documents subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure will not waive the privilege or protection from disclosure. In addition, the Parties agree that if a document subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure is included in documents made available for inspection, such disclosure shall not be considered a waiver of the privilege or protection from disclosure.

The Producing Party must notify the receiving Party within seven (7) business days of becoming aware of the inadvertent disclosure of privileged or protected information. Upon a request from a Party that has inadvertently produced any document that it believes is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure, each Party receiving said document shall return it and all physical copies to the Producing Party and destroy all electronic copies within ten (10) business days to the Producing Party. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addressee(s), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be made or used for any purpose other than preparation of a motion to compel in this Action. Any other information in the document may not be used for any purpose in this Action. After the return of the document(s), the Receiving Party may challenge the Producing

Party's claim(s) of privilege, protection, or work-product by making a motion to the Court.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13.   MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall

be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

14.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.   RETROACTIVE EFFECT

This Order shall apply retroactively to the date the instant Action was filed. In the event any materials were produced during the course of the Action prior to the execution of this Order that were designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential – Source Code" shall be subject to the terms and conditions of this Order.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: 12/13/2013                           /s/ *Paul A. Lesko*
                                            Attorneys for Plaintiff


DATED:  12/12/2013                          /s/ *Blair M. Jacobs*
                                            Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:  December 18, 2013      _____
                               Hon. Douglas F. McCormick
                               United States Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Labyrinth Optical Technologies, LLC v. Ciena Communications, Inc.; 8:12-cv-02217-AG-MLG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

<u>EXHIBIT B</u>

<u>ACKNOWLEDGEMENT CONCERNING REVIEW AND USE OF CONFIDENTIAL SOURCE CODE</u>

I,_____ [name of consultant or expert], have been retained as an expert or consultant

by [PARTY]_____ in the case of *Labyrinth Optical Technologies, LLC v. Ciena*

*Corporation*, Case No. SACV 12-2217 AG (MLG).  As part of my work, I may require access to

confidential source code produced pursuant to the Stipulated Protective Order.  I hereby acknowledge and

agree to my obligations to maintain the confidentially of such source code.

    1)    I have read the Stipulated Protective Order (the "Order").  I have had an opportunity to discuss the Order and the Amendment with attorneys for [PARTY]_____, and I understand and agree to the confidentially obligations imposed on me under the Order.  I understand that this acknowledgment summarizes some of the confidentiality obligations set forth in the Order but that it is not intended to alter or amend those obligations.

    2)    I understand and agree that the source code I review must be kept confidential.  I agree that I will not reveal either the source code or information concerning or derived from the source code to anyone not authorized to receive such confidential information pursuant to the Order.

    3)    I understand and agree that I will only use the source code and information concerning or derived from the source code for purposes of this case.  I will not use either the source code or information concerning or derived from the source code for any other purposes.  I will not use the source code or information concerning or derived from the source code to write source code directly intended for commercial purposes relating to the technology at issue in this litigation for a period of six (6) months after the date of the final, non-appealable decision in this litigation.  I will not use source code or information concerning or derived from the source code, or any other confidential information from this litigation to prosecute patents or patent applications related to the technology at issue in this litigation.

    4)    I understand that the Parties have agreed to the additional protections and restrictions on the use of the source code set forth in the Order, and I will not attempt to circumscribe or avoid those restrictions.

    5)    I agree that if I have questions concerning what use I can make of the source code or information concerning or derived from the source code, I will raise them with [PARTY RETAINING EXPERT]_____ prior to making any such use of the code or information.

UNDERSTOOD AND AGREED

Date: _____
City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

DM_US 45201403-4.050293.0018